THOMAS JOUETT vs. THE EXECUTRIX OF J. G. JOUETT et al.—
Appeal from Fannin County.

When an answer admits certain allegations in the petition, and sets up matter in avoidance, the matter thus set up must be proved; otherwise the admissions in the answer are proof of the allegations of the petition.

When a petition shows on its face equity, and which, if true, would entitle the plaintiff to recover, it is error on demurrer to dismiss the suit. When taken up on the demurrer, the truth of the allegations is admitted.

EVERTS for appellant.

MORRILL for appellees.

Mr. Justice LIPSCOMB delivered the opinion of the court.

The appellant, who was the plaintiff in the court below, filed his petition, setting forth a partnership between himself and his brother, principally in the purchase of lands. The lands are described in his petition. He further charges that a settlement had taken place for a division of the lands; that the agreement of a division of the lands had been filed by him for record in the office of the county clerk, from whence it had been improperly, and through undue means, obtained by defendant's testator; that the same is believed to be in possession of the executrix; that the titles were taken in the name of the defendant's testator. He prays for an account of the copartnership transactions, and that title be decreed to him for his share of the lands. The defendant, executrix of John G. Jouett,

defends, first, by a general demurrer to the petition; next, by a general denial; and then answers by denying the copartnership, or having in her possession any evidence of the same; admits that she has in her possession an agreement somewhat similar to the one described in plaintiff's petition, but alleges that her testator never intended to acknowledge it, because it was obtained from him whilst he was intoxicated.

The court below dismissed the suit on the demurrer, by which we understand the demurrer was sustained.

The petition, we believe, shows on its face strong equity, and, if true, would clearly entitle the plaintiff to relief; when taken up on the demurrer, every allegation is admitted to be true. We are therefore at a loss to perceive on what grounds the suit was dismissed. But, even if the cause had been tried by the petition and answer, it would seem that the plaintiff was entitled to relief, and that he should not have been turned out of court. A material averment in the petition is the settlement that had taken place between the plaintiff and the defendant's testator, which was in writing. She admits the possession of the evidence of this agreement, but sets up matter in avoidance. This matter should have been proven; and, in the absence of such proof, the writing would have been evidence of itself; and if any decree could have been made under such circumstances, it ought to have carried out the agreement.

There was clearly error in sustaining the demurrer; it ought to have been overruled, and the facts charged should have been tried, as such facts are always tried, when controverted, by a jury, and, if admitted, by the application of the law; and the judgment of the court should have been given thereon. The judgment of the court sustaining the demurrer and dismissing the cause must be reversed and the cause remanded.