ROBERT MOFFATT v. JOHN S. SYDNOR AND ANOTHER.

Where the petition alleges title in the plaintiff in general terms, and a deed to the plaintiff's wife is offered in evidence, the objection is at most a variance, (the presumption being that the property is community) and cannot be raised in the instructions to the jury.

It is no answer to an action for rent, that the title to the property is in dispute. But this case does not decide that relief will not be granted, if a tenant, acting in good faith, asks the protection of the Court against being compelled to pay rent to one and mesne prifits to another.

Error from Galveston.

*Alexander & Atchison*, for plaintiff in error.

*R. H. Howard*, for defendant in error.

WHEELER, J.   The amended answer of the defendant read in evidence contained an admission of the lease, and, it is to be understood, of course, of the lease described in the petition. None other could have been intended. There was no necessity of other evidence to establish a fact thus admitted. And it cannot be objected to the judgment by the defendant, that it does not accord to the plaintiffs the full measure of redress to which they were entitled.

The Court did not err in refusing instructions asked by the defendant. The first and second were not applicable to the evidence. The third was intended to question the right of the plaintiff St. Cyr to recover upon the evidence of title afforded by the conveyance to his wife. But the plaintiff might well recover in this action under the statute, in right of his wife, without joining her. (Hart. Dig. Art. 2415.) Besides, a conveyance to the wife, without proof that it was in her separate right, leaves the presumption that it is community property, for which it was the right of the husband to sue. If

the objection had been taken to the admissibility of the deed in evidence under the averment in the petition that the title was in the plaintiff, without stating in what right, or how derived, or that it was in virtue of a conveyance to his wife, it would have presented a different question. But the deed was admitted in evidence without objection, and the question of variance could not be raised upon instructions to the jury.

The only other ruling of the Court complained of, which seems to require notice, is the judgment sustaining exceptions to so much of the answer as sought to controvert the plaintiffs title on the ground of fraud and imposition on the part of the plaintiffs, in representing that they were the owners of the property, and mistake on the part of the defendant in leasing the property of the plaintiffs in ignorance of the fact that they were not the true owners. The judgment of the District Court, reversed in the case of Sydnor *et al.* v. Roberts *et al.*, just decided (*Supra*) is referred to in the answer as evidence of the falsity of the plaintiffs assertion of title ; and it is in the assertion of the title that has now been adjudged good and sufficient, that the fraud is alleged to consist, which is supposed to enable the defendant to controvert his landlord title in this case. The bearing which the decision of that case must have upon the rights of the parties in this, is adverted to and admitted in the brief of the counsel for the appellant. But if, in considering the sufficiency of the answer impeaching the plaintiffs' title in this case, we may not take notice of our decision affirming the sufficiency of the same title in another case, still the answer was rightly adjudged insufficient in this particular for another reason. That is, it appears by the answer itself that the defendant acknowledged the plaintiffs' title and attorned to them, or at least to one of them, after the alleged discovery of their want of title. This discovery is alleged to have been made on the 1st of August, 1848 ; and yet it is averred that the defendant entered into a new contract of lease with the plaintiffs on the 1st day of September thereafter.

We see no error in the judgment. But if there were erro

neous rulings upon matters which have become, or which it is now apparent were at the time wholly immaterial, it would be idle to reverse and remand the case for their correction, when it is evident the result upon another trial must be the same. The judgment is affirmed.

Judgment affirmed.