S. A. COOK AND ANOTHER v. L. T. HUGHES AND OTHERS.

1. Defendant filed an answer, but did not read it either to the court or jury, and there was no withdrawal of the same, or specific abandonment of any of its allegations ; plaintiff was allowed to read it in evidence before the jury, to prove certain admissions by the defendant. *Held*, not to be error. The answer was a part of the record of the cause, and was therefore admissible in evidence for any legitimate purpose, subject only to the general principles of law regulating the introduction of written instruments in evidence.
2. A party complaining of an erroneous charge by the court below should specify in what particular the charge was erroneous; otherwise this court will not feel called upon to find the error.

APPEAL from Titus.  Tried below before the Hon. J. D. McAdoo.

The opinion of the court sufficiently states the facts of the case.

*W. J. Sparks* and *D. B. Culberson*, for appellants.

*W. H. Christian*, for the appellee Sewell.

OGDEN, J.  The pleadings and evidence in this case establish, among other matters, the following facts : Prior to 1863, John W. Sewell and wife owned and occupied a certain block of lots in the town of Dangerfield, in the county of Titus ; that John W. Sewell died, leaving a widow and one son in possession of said premises ; that the widow, Lou. T. Sewell, having married Robert Hughes in 1863 or 1864, sold to S. A. Cook, the appellant, said block of lots, known as block No. 10, in said town of Dangerfield, for the sum of one thousand eight hundred dollars, nine hundred of which was paid down, and the note sued on was given for the balance.  Cook subsequently sold the same premises to Bradfield.

The original petition sets up the fact that the note sued on was given in part payment of the purchase-money for the block described, and prayed for judgment and foreclosure of the vendor's lien.  The first defense set up to the note was, that it was given for Confederate money, and was therefore void.  Again, the defendant pleaded want of consideration, in this, that the sale of the land, and the deed for the same, were made and executed by Lou. T. Hughes, without being joined by her husband, and that therefore the sale was void, and no consideration passed for the note.  Mrs. Hughes and her husband answered by confessing the truth of this last plea, and asked for a cancellation of the deed.  John W. Sewell, minor heir of John W. Sewell, deceased, intervened and claimed to be the owner of a one-half interest in block No. 10, as the only heir of his deceased father, and prayed a cancellation of the deed from

Lou. T. Hughes to defendant Cook. Subsequently, James T. Bradfield intervened as the vendee of defendant Cook, and claimed to be the owner and in possession of the land in controversy, and prayed to be quieted in his possession, and for a decree declaring said pretended lien of no effect.

The cause was submitted to a jury, under a clear and definite charge from the court, setting forth the law governing the facts of the cause, and a judgment was rendered in favor of the defendant and intervenor Bradfield, as against Hughes and Hughes, and in favor of the intervenor Sewell, for one undivided half of the land, and for rents and profits ; from which judgment Cook and intervenor Bradfield have appealed, and assign as error the ruling of the court in admitting as evidence to the jury the original answer of S. A. Cook, on application of plaintiff, to prove certain admissions therein made, such answer not having been read to the court or jury by the defendants. This answer had been regularly filed in the cause and there had been no withdrawal, or attempt at withdrawal of the same, and no specific abandonment of any allegations therein made. Under such circumstances, that answer was as much a part of the records of the cause as any other paper, and either party had an undoubted right to use it in evidence for any legitimate purpose, subject, however, to the general principles of law regulating the introduction of written instruments in evidence. The first assignment is not, therefore, well taken, and does not point out such an error as would authorize the exercise of the revisory power of this court.

The second assignment is too general in its terms to require particular notice by this court. The court may possibly have erred in its charge, but we have failed to discover any such error as would vitiate the judgment ; and, until the appellants have pointed out the specific error, they have no right to require this court to find that which they have failed to find.

The judgment of the court appears to be in harmony with

the principles of justice and equity, and we do not think the court erred in overruling the motion for a new trial; and the judgment is affirmed.

Affirmed.