HERMAN BAUMAN v. J. T. CHAMBERS.

No. 567.—Decided June 17, 1897.

**1. Pleading—Denial.**

The common law rule that a material allegation in a pleading which is not traversed, is admitted, is in force in this State, except in so far as the statute provides that a special matter pleaded as a defense is regarded as denied by plaintiff unless expressly admitted. (P. 112.)

**2. Pleadings as Evidence.**

Where a general denial is interposed it is not proper to admit in evidence special pleas of defendant to prove facts therein alleged; but facts admitted in the pleadings and not denied by the party in other pleas are established against him. It is not necessary or proper to read such pleadings in evidence, their construction and effect being for the court. (Pp. 111, 112.)

**3. Same.**

An answer of defendant in trespass to try title containing no plea of not guilty, but pleading specially the execution of a deed for certain trust purposes, was an admission of its execution; but the burden of proving the allegation as to the purpose for which it was executed was on defendant, that fact being by the statute taken as denied by plaintiff (Rev. Stats., art. 1193.) (Pp. 110, 111, 112.)

**4. Evidence—Conveyance—Mutilated Deed.**

See opinion for mutilated copy of deed from partially burned records. Held, evidence to establish a conveyance, but not, in itself, conclusive. (Pp. 110, 112, 113.)

QUESTIONS CERTIFIED by Court of Civil Appeals for Third District, in an appeal from Llano County.

*Chas. L. Lauderdale* and *W. L. Dalrymple*, for appellant.—The court erred in directing the jury to return a verdict for plaintiff for one-half the land sued for, because the portion of the transcribed record does not so conclusively prove a conveyance of the land in controversy by Sidney Scudder to said Sarah Baldwin as to warrant the court to take that question from the jury. Devine v. Keller, 73 Texas, 365.

*E. L. Rector*, for appellee.—The court did not err in instructing the jury to bring in a verdict for plaintiff for half of the land, because plaintiff having established the legal title in himself to half the land, and the defendant having sought to avoid his title on the ground of fraud in the administration sale from Tucker to Scudder, the burden of proof was on defendant to establish the fraud, and the evidence of fraud introduced by him was not sufficient to sustain a verdict in his favor on this issue. Grimes v. Watkins, 59 Texas, 138; 1 Greenl., Ev., 436-440.

Apart from the question of fraud, there were no facts proven, and no competent testimony offered by defendant tending to show that Sarah Baldwin held the land in trust for P. C. Tucker, through whom defendant claims the land in controversy, and therefore the court did not err in instructing the jury to bring in a verdict for plaintiff for half the land. Grooms v. Rust, 27 Texas, 235; Miller v. Thatcher, 9 Texas, 484; Howard v. Zimpelman, 14 S. W. Rep., 61; Baylor v. Hopf, 81 Texas, 641; 2 Pom. Eq. Jur., sec. 1040; Cunio v. Burland, 1 Posey, U. C., 469.

GAINES, CHIEF JUSTICE.—The Court of Civil Appeals for the Third Supreme Judicial District, have certified for our decision, the following questions:

"This suit was brought by appellee, Chambers, against appellant Bauman, October 2nd, 1890, to recover an undivided half of two 320 acre surveys in Llano County, originally granted to Ludwig Eltrop, patented to the heirs of M. Hunt, assignee, March 29, 1860. The petition shows that defendant is the owner of the other half of the land, asks for recovery of plaintiff's half, and for partition.

"It is alleged by plaintiff that both parties claim from a common

source, Sarah Baldwin; that after she became the owner of the land she intermarried with one P. C. Tucker, and died intestate without issue, and without father or mother; her husband, Tucker, and plaintiff Chambers, her brother, being her only heirs at law; that defendant claims under Tucker, thus investing title to the land, one undivided half in Tucker, and the other half in plaintiff. Sarah Baldwin married and died as stated, leaving as her only heirs at law her husband, Tucker, and her brother, the plaintiff.

"The legal title to the land was conveyed by Tucker · the administrator of the estate of Memucan Hunt by probate sale and deed to one Sidney Scudder, which sale is attacked by defendant upon the ground that Tucker, the administrator, was the real purchaser, and for a grossly inadequate consideration. But at present we have no concern with that question.

"Plaintiff read in evidence from the transcribed records of Llano County, being a transcript made by order of the Commissioners' Court of the record of deeds of Llano County, which records had been partially destroyed by fire, so much of the following deed as was not destroyed by fire:

'Sidney Scudder to Sarah Baldwin, Deed. State of Texas: Know all men by ———— Sidney Scudder of Galveston ———— twelve hundred and ———— win if ———— Fisher and transferred by ———— July 18th ———— clin ———— Hunt in December 185 ———— Memucan Hunt 29th March 1860. Let ———— Vol. 29, sold in May, 1867, by order of court ———— vey by the administrator of Memucan Hunt ———— the patent whereof is delivered herewith and made ———— hereof. Together with all and singular the rights and ` appurtenances to the same belonging or in any wise appertaining. To have and to hold all and singular the above described premises unto the said Sarah Bald ———— heirs and assigns forever and I covenant to and with the said Sarah ———— her heirs and administrators and assigns that I ha ———— right and lawful authority to sell and convey ———— that it is free and clear of all incumbrance. I warrant and will forever defend the same to the ———— Baldwin her heirs, executors, administrators and assigns ———— ever claiming or to claim the same or.any part thereof by through or under me. Witness my hand and scrawl in lieu of seal at Galv ———— this 2nd day of April, A. D. eighteen hundred and sev ———— five (seal)'."

"This partially destroyed instrument was admitted without objection.

"Among defendant's pleas is the following: 'About the year 1875, the exact day and month being to the defendant unknown, said Sidney Scudder, at the instance and request of said P. C. Tucker, without any consideration moving him thereto, conveyed all said land' (the land in suit) 'to Sarah C. Baldwin for the sole use and benefit of said P. C. Tucker, and she then contemplating marriage with him took and received said conveyance and agreed to hold said land in trust for said P. C. Tucker, and if not for said P. C. Tucker, then for said estate of

Memucan Hunt, and the persons entitled thereto through the said Memucan Hunt and Anne T. Hunt.'

"Now, the questions we submit to the Supreme Court are:

"1. Is the clause quoted in defendant's answer such an admission of the fact that Scudder executed a conveyance to Sarah Baldwin to the land in controversy as to establish the fact without proof, or to dispense with proof of the fact by plaintiff, the clause not having been read in evidence by plaintiffs?

"2. Should the answer—not read in evidence—and the mutilated deed which was put in evidence be taken as establishing the fact of such conveyance?

"3. If the answer alone or taken with the deed, establish the fact of such conveyance, is the burden upon the plaintiff to prove the alleged purpose for which the conveyance was made?

"This court, because of conflict of decisions in this State upon the questions propounded, deems it advisable to certify them to the Supreme Court of the State for decision. Morris v. Runnells, 12 Texas, 177; Jouett v. Jouett, 3 Texas, 150; Cotton v. Jones, 37 Texas, 34, 343; Moffatt v. Sydnor, 13 Texas, 628; Cook v. Hughes, 37 Texas, 345; Garrett v. McMahon, 34 Texas, 307."

The statement upon which the questions are predicated does not advise us whether or not, among his other pleas, the defendant pleaded a general denial or "not guilty." Such being the case, we cannot assume that there was such a plea, but must determine the question as if none such was interposed. Our statute provides that "the defendant in his answer may plead as many several matters, whether of law or fact, as he shall think necessary for his defense, and which may be pertinent to the cause; provided, that he shall file them all at the same time, and in due order of pleading." Revised Statutes of 1895, art. 1262. This has been construed so as to allow a defendant to file inconsistent pleas. Duncan v. Magette, 25 Texas, 245. In the case cited, the court say: "Another point decided in the case was, that it was proper to permit the plaintiff to give in evidence the allegations of one plea to maintain plaintiff's cause of action put in issue by another plea. This would make one plea destroy another, and virtually abolish all double and inconsistent pleading. Our statute authorizes the defendant to plead as many several pleas as may suit his own convenience. The action of the court in admitting the plea to be read as evidence was error." In Fowler v. Davenport, 21 Texas, 626, the point is elaborated and the same ruling is made. When a fact alleged in the petition is denied either generally or specially by the defendant in his answer, the plaintiff must prove it, although the defendant may, in another plea, aver the same fact. We have so held at the present term of this court. Silliman v. Gano, 90 Texas, 637.

We do not regard Morris v. Runnells, 12 Texas, 177, and Moffatt v. Sydnor, 13 Texas, 628, as being in conflict with this rule. It appears

in the former case, that although the defendant had pleaded a general denial, he subsequently amended and pleaded specially. We infer from the report of the case, that the general denial was abandoned—though this is not made clear. So, in the latter case, it does not appear that a general denial was pleaded. The point was not involved in Jouett v. Jouett, 3 Texas, 150, because there, it was merely held that the trial court erred in sustaining a demurrer to the petition. The remarks of the judge who wrote the opinion, in so far as they bear upon the point, are mere suggestions.

But the rule of the common law is that a material allegation in a pleading which is not traversed, is so far admitted that it is not competent for the other party to disprove it. Bonzi v. Stewart, 4 M. & Gr., 158. There is nothing in our statute to change this rule, except in one particular, to which we shall hereafter advert, when we come to answer the third question.

It not appearing from the statement submitted to us, that the execution of the deed in question, as alleged in the petition, was denied in any of the defendant's answers, we are of opinion that it was not necessary for the plaintiff to read the answer in evidence in order to establish the conveyance. The pleadings established it. We do not understand that it is ever necessary, or even proper, to read in evidence to the jury the pleadings upon which the parties go to trial, although the cases in 34 Texas and 37 Texas, referred to by the court, seem to so hold. It is the duty of the court to construe the pleadings, and to submit to the jury the issues of fact made by them.

We therefore answer the first and second questions in the affirmative.

But it is provided by art. 1193, Rev. Stats., that "it shall not be necessary for the plaintiff to deny any special matter of defense pleaded by the defendant, but the same shall be regarded as denied unless expressly admitted." The effect of this statute was to put in issue the allegations in the defendant's answer as to the purpose for which the deed was made, and therefore, the burden was upon the defendant to establish that allegation. This answers the third question.

We have given our opinion upon the questions certified upon the theory that the answers of the defendant contained no denial of the allegations made in the plaintiff's petition. We find that it is stated in the brief of the appellant, filed in the Court of Civil Appeals, and sent up with the certified questions to this court, that the defendant pleaded a general denial and "not guilty." We are not at liberty to enlarge the statement made by the court as a predicate for its questions, by the statements made in the brief, unless possibly the court had referred us to the brief for that purpose, which has not been done. We will, therefore add to what has already been said, that if the statement had shown that the allegations of the petition were denied by the defendant in his pleadings, we would have answered the first and second questions in the negative.

The mutilated copy of the deed was evidence in the nature of a cir-

cumstance tending to establish the conveyance, but was not of itself conclusive.