## FIDELITY PHENIX FIRE INS. CO. v. SADAU.

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 25, 1913.)

1. INSURANCE (§ 665*)—ACTION ON POLICY—EVIDENCE.

In an action on a fire insurance policy, where the policy was not offered in evidence, and there was no proof of its contents, a judgment for plaintiff could not be sustained.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1555, 1707–1728; Dec. Dig. § 665.*]

2. PLEADING (§ 376*)—MATTERS TO BE PROVED—ADMISSIONS.

As a defendant may plead as many inconsistent defenses as he may desire, where, in an action on a fire insurance policy, defendant pleaded the general denial, a special plea setting out the terms of the policy did not relieve plaintiff of the burden of proving the contents of the policy.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1225–1227; Dec. Dig. § 376.*]

3. PLEADING (§ 115*)—ANSWER—GENERAL DENIAL.

A general denial puts in issue all the allegations of plaintiff's pleadings.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 240; Dec. Dig. § 115.*]

Error to Clay County Court; W. T. Allen, Judge.

Action by Frank Sadau against the Fidelity Phenix Fire Insurance Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Wm. C. Thompson, of Dallas, for plaintiff in error. Leslie Humphrey, of Henrietta, for defendant in error.

SPEER, J. Frank Sadau filed this suit in the county court of Clay county to recover from the defendant, the Fidelity Phenix Fire Insurance Company, for the loss of certain household goods destroyed by fire, alleged to be covered by the defendant's policy, in the sum of $500. There was a jury trial resulting in a verdict and judgment for the plaintiff, and the defendant prosecutes this writ of error.

[1] There are a number of assignments, but we need only discuss one, which presents an error going to the foundation of the action. A careful examination of the statement of facts discloses that the policy upon which the suit was based was never introduced in evidence, nor was there other proof to show its contents, without which, of course, the judgment cannot stand.

[2, 3] Defendant in error attempts to answer this assignment by saying that the terms of the policy were pleaded by plaintiff in error. This is true in part, at least, but our statutes permit a defendant to plead as many inconsistent defenses as he may desire, and it has never been held that a special answer embracing matters pleaded by the plaintiff admitted same to be true where the defendant had also pleaded the general denial. This general denial puts in issue all the allegations of the plaintiff's pleadings. See Bauman v. Chambers, 91 Tex. 108, 41 S. W. 471. In the present case there was a general denial, and the special plea, invoking certain parts of the policy in defense, cannot have the effect of relieving defendant in error of the burden of proving his case.

Most of the other assignments, presenting, as they do, alleged errors for refusing to give certain charges based on certain paragraphs of the policy, amount to nothing, since there was no evidence calling for them, in the absence of the policy itself.

For the error pointed out, the judgment of the county court is reversed, and the cause remanded for another trial.