FLETCHER v. GRINNAN.    (No. 7437.)

(Court of Civil Appeals of Texas. Dallas. Nov. 20, 1915. Rehearing Denied Jan. 8, 1916.)

1. PLEADING ⊙⟿376 — ALLEGATION OF ANSWER—ADMISSIONS—NECESSITY OF PROOF.

Acts 33d Leg. c. 127, relating to the manner of pleading in the district and county courts, provides that if any special matter of defense shall be pleaded by defendant, the plaintiff shall answer each paragraph, either admitting or denying it, or denying knowledge or information sufficient to form a belief, and that any fact so pleaded by defendant and not denied by plaintiff shall be taken as confessed. Plaintiff suing as a surviving partner upon an open account, denied the allegations of the several paragraphs of the answer, except those contained in the paragraph setting up that defendant on balancing accounts between himself and plaintiff, found that he owed plaintiff a certain amount and that plaintiff, and his firm, and former partner owed him a certain amount, leaving a balance due plaintiff. Held, that either before or after the statute, plaintiff, without putting defendant's answer in evidence, was entitled to a judgment for the sum admitted by the answer to be due.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1225–1227; Dec. Dig. ⊙⟿376.]

2. APPEAL AND ERROR ⊙⟿1175—DISPOSITION.

In such case it was the duty of the Court of Civil Appeals under the statute to render the judgment which should have been rendered in the county court, so that it would reverse the judgment and render judgment for plaintiff for the sum admitted to be due.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4573–4587; Dec. Dig. ⊙⟿ 1175.]

Appeal from Kaufman County Court; James A. Cooley, Judge.

Action by W. D. Fletcher, surviving partner, against J. S. Grinnan, with cross-action by defendant. Judgment for defendant, and for plaintiff in the cross-action, and plaintiff appeals. Reversed and rendered for plaintiff against the defendant.

---

⊙⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Dashiell & Coon, of Terrell, for appellant. Ed. R. Bumpass, of Terrell, for appellee.

TALBOT, J. The appellant, as the surviving partner of the mercantile firm of Fletcher & Whitfield, sued the appellee on an open account to recover the sum of $460, alleged to be due for sundry articles of merchandise sold and delivered by said firm, then composed of the appellant and J. B. Whitfield, but which, at the time this suit was brought, had been dissolved by the death of the said Whitfield, to appellee during the years 1910, 1912, and 1913. The defendant, Grinnan, in an amended answer filed February 1, 1915, pleaded a general denial and specially, in substance: (1) That he was the president and general manager of Broadlands, an incorporated seed farm of about 5,000 acres, and since 1892 it had purchased goods from J. B. Whitfield, and the firm of Fletcher & Whitfield, and that the defendant, Grinnan, owned an insurance and real estate business under the name of Grinnan & Grinnan and wrote insurance, and had written various and sundry policies for J. B. Whitfield, plaintiff, and W. D. Fletcher, and Fletcher & Whitfield; (2) that from 1892 to 1909, and about the first of each year thereafter, the plaintiffs jointly and severally contracted with defendant for insurance for the firm and for themselves individually, and it was agreed by all parties that they would have and did have annual settlements about the first of the year, and whatever indebtedness Broadlands was due the plaintiff was to be credited on whatever amount the plaintiff, W. D. Fletcher, or J. B. Whitfield, or Fletcher & Whitfield, owed the defendant for insurance; that the accounts were mutual and were to be paid in this way; (3) that during the fall of 1909, they had a final settlement of their mutual accounts in this manner, and since that time Broadlands and defendant had purchased various and sundry items of merchandise, and no settlement was ever had save and except as designated, and since that time this defendant had written insurance for J. B. Whitfield in the sum of $512.25, Fletcher & Whitfield $125, W. D. Fletcher $10.80, a total of $648.25, which the plaintiff owed the defendant; (4) that it was agreed and understood between Fletcher & Whitfield and this defendant Grinnan, that the defendant should be credited on their books for whatever indebtedness for insurance the plaintiff or J. B. Whitfield or Fletcher & Whitfield owed the defendant; (5) that it was agreed between said parties and this defendant that if Broadlands would buy goods from said firm of Fletcher & Whitfield, said firm and the individual members thereof would give him, the defendant, their insurance accounts, and that at the end of the year the accounts would be balanced, and if Broadlands owed the said firm, and the said firm, or either member thereof, owed

the defendant, then the accounts would be settled on that basis, and, if there was any difference, the payment was to be made on that basis; (6) that on or about the 1st day of January, 1911 and 1912, he obtained from the plaintiff representing the firm of Fletcher & Whitfield, the accounts due by Broadlands and the defendant, and the defendant issued checks of Broadlands payable to J. S. Grinnan for the amount of said bill; that the plaintiff and said firm were credited with said amount of items by insurance hereinbefore pleaded, and it was understood and agreed between him and the members of said firm as partners and as individuals, that the credit should be made in this way; (7) that on balancing the accounts between plaintiff, said firm, Broadlands and the defendant, he finds that Broadlands and this defendant owed plaintiff and said firm $886.75, and that the plaintiff, W. D. Fletcher, J. B. Whitfield and said firm owed this defendant $648.-25, leaving a balance due the plaintiff individually and as surviving partner of said firm of $238.50, which amount he tenders into court; (8) that J. B. Whitfield, one of the members of the firm, died intestate and his estate is insolvent, and that the plaintiff is insolvent, and that unless his counterclaim is allowed he will lose the same. The plaintiff in a supplemental petition, after general and special exceptions to the defendant's answer and counterclaim, which need not be stated because the court's action with reference to them is not involved in this appeal, denied the allegations of the several paragraphs of the defendant's answer, except those contained in the ninth paragraph thereof, and denied that plaintiff, the surviving partner of the firm of Fletcher & Whitfield, ever agreed or knew of the contracts and agreements alleged by the defendant. The plaintiff also denied that the account of J. B. Whitfield individually should be credited, but did not deny the state of accounts as alleged by defendant and admitted the amount alleged to be due by Fletcher & Whitfield, and by plaintiff individually. The allegations of the ninth paragraph of the defendant's answer, which were not denied by the plaintiff, and which are set out above in stating the contents of said answer, are in substance that defendant on balancing the accounts between plaintiff and defendant found that Broadlands and defendant owed plaintiff $886.75, and that the plaintiff, W. D. Fletcher, and the firm of Fletcher & Whitfield and J. B. Whitfield, jointly and severally, owed defendant $648.25, leaving a balance due the plaintiff of $238.50, "which amount he tenders into court." The court submitted to the jury three special issues, which were in substance as follows: (1) Was there an agreement between the plaintiff and the defendant, J. S. Grinnan, that the firm's account and the individual accounts for insurance with J. S. Grinnan were to be credited

upon the account of Fletcher & Whitfield? (2) Did Fletcher make the agreement? (3) Did he know of, or consent to it? The jury answered all the questions in the affirmative. The plaintiff moved for judgment for the sum of $238.50, the amount the defendant admitted due the plaintiff, and the defendant moved for a judgment in his favor on the findings of the jury. Plaintiff's motion was overruled, and the defendant's motion was granted, both of which rulings the plaintiff excepted to and judgment was entered that the plaintiff take nothing by his suit against the defendant and that the defendant take nothing by his "cross-bill herein," and that plaintiff pay all costs. Plaintiff filed a motion for a new trial, which was overruled and he appealed.

The only assignment of error presented to this court is as follows:

"The court erred in overruling plaintiff's motion to enter judgment for him in the sum of $238.50, because the defendant in the ninth paragraph in his first amended answer admits that he owes the plaintiff that amount and tenders it to him."

The proposition is:

"The party is bound by his admissions in his pleadings."

The defendant, in his answer, and what is referred to by the parties as a cross-action, as has been shown, set up an agreement entered into between the plaintiff, Fletcher, J. B. Whitfield, and the firm of Fletcher & Whitfield, by which in consideration of his giving them his business and the business of Broadlands or "the J. S. Grinnan Seed Farm," a corporation of which defendant was president and general manager, plaintiff, Whitfield & Fletcher, and J. B. Whitfield would give him all their individual and firm insurance to write, and that the respective amounts which became due under said agreement should be allowed to offset each other; that is, that whatever indebtedness the Broadlands and defendant Grinnan owed the firm of Fletcher & Whitfield, or to either member of said firm, and whatever indebtedness the said firm, or either member thereof, owed the defendant under the terms of said agreement should automatically offset each other, and the difference, if any, paid to the party to whom it was found to be due. The defendant alleged that under the agreement stated he and Broadlands had become indebted to the plaintiff or the firm of Fletcher & Whitfield in the total sum of $886.75, and that plaintiff, J. B. Whitfield, and the firm of Fletcher & Whitfield had become indebted to defendant in the total sum of $648.25, which left a balance due by him to plaintiff of $238.50, and that he tendered the amount so due into court. The pleadings of the defendant were filed during the time Acts 33d Leg. c. 127, relating to the manner of pleading in the district and county courts was in force, and the plaintiff contends that the admission of the defendant in his answer that he owed plaintiff the sum of $238.50,

although said answer was not introduced in evidence, entitled him to a judgment for that amount without proof thereof; that if under the statutes of this state, as they existed prior to the passage of the act of the Thirty-Third Legislature above referred to, and the decisions of our courts construing the same, the admission of the defendant did not entitle him to a judgment for said sum of $238.50, since the defendant had pleaded a general denial and the answer containing the admission had not been introduced in evidence; still as the pleadings in the case raised no issue as to his right to recover the said $238.50, and were filed and the case tried while said act of the Thirty-Third Legislature was in force, he was clearly entitled upon defendant's admission to a judgment for said amount, and therefore the trial court should have entered judgment in his favor therefor. On the other hand, the defendant contends that inasmuch as his answer was not introduced in evidence, the admission therein is not available to the plaintiff as a basis for a judgment for the amount admitted to be due, and hence the trial court correctly overruled plaintiff's motion for such judgment.

[1] The jury found, upon evidence warranting such finding, that the agreement alleged by the defendant had been entered into between the parties, and the sole question presented for our decision by plaintiff's assignment of error is: Was the plaintiff, the defendant's answer not having been put in evidence, entitled to a judgment for the sum of $238.50, admitted in said answer to be due? We think the question should receive an affirmative answer. In Bauman v. Chambers, 91 Tex. 108, 41 S. W. 471, it was held, as we understand the decision, upon certified questions, that an answer of the defendant in trespass to try title containing no plea of not guilty or general denial, but pleading specially the execution of a deed for certain trust purposes, was an admission of its execution, but that the burden of proving the allegation as to the purpose for which it was executed was on defendant, that fact being by the statute taken as denied by plaintiff. The court said:

"It not appearing from the statement submitted to us that the execution of the deed in question, as alleged in the petition, was denied in any of the defendant's answers, we are of opinion that it was not necessary for the plaintiff to read the answer in evidence in order to establish the conveyance. The pleadings established it."

The court further said, in effect, that its opinion was based upon the fact that the answer of the defendant contained no denial of the allegations made in the plaintiff's petition, and that if the statement certifying the question had shown that the allegations of the petition were denied by the defendant in his pleadings, a contrary decision would have been rendered. Likewise, in the case of Mentz v. Haight, 97 S. W. 1076, the Court

of Civil Appeals for the First District held that an allegation in a petition not denied by certain special denials made in the answer, and where the answer contains no general denial will be deemed admitted—citing Bauman v. Chambers, supra. But in Graham v. Henry, 17 Tex. 165, Bourke v. Vanderlip, 22 Tex. 222, Ogden & Johnson v. Bosse, 86 Tex. 336, 24 S. W. 798, Veeder v. Gilmer, 120 S. W. 584, Barnes v. Central Bank & Trust Co., 153 S. W. 1172, and a number of other cases in this state, it is held that:

"It is not necessary for either party to prove that which is distinctly alleged by the adverse party."

In the first case cited the assignment of a land certificate was involved, and the Supreme Court, after stating that the original assignment was upon the back of the certificate, which was in the general land office, so that the defendant could not procure it, said:

"But the making of the assignment was expressly averred in the petition, and though thereby rendered admissible, there was no necessity for the defendant to produce it in evidence. There can never be a necessity to prove matters of fact which the adverse party has alleged in his pleadings. The jury are sworn to try the issues between the parties; but matters expressly admitted on both sides, not being in issue, do not require proof."

In the third case cited the execution of certain deeds was involved, and the plaintiff therein, in his supplemental petition, alleged that the deeds were executed by the several parties, but charged that they were fraudulent. The defendants in a special plea alleged the making of the deeds, and that they constituted a mortgage to secure one of them in the payment of a debt. Mr. Justice Brown, speaking for the Supreme Court, said:

"In this state of the pleading it was not necessary for either party to prove the execution of or produce either the deed from Clark to Moore or that from Moore to Johnson. It is not necessary for either party to prove that which is distinctly alleged by the adverse party. * * * Each party could, without reading it as evidence, avail himself of whatever admissions were made in the pleading of his adversary, without admitting anything alleged therein favorable to the party pleading."

Similar rulings were made in the other cases we have cited, and it would seem that the question here involved is definitely settled in favor of the plaintiff's contention. The defendant not only alleged facts which showed that he was indebted to plaintiff in the sum of $238.50, but he expressly admitted in his answer that he was so indebted, .and asserted that he was ready and willing to pay said indebtedness. But if under the decisions rendered prior to the act of the Thirty-Third Legislature, to which we have referred, there remains any doubt of the right of the plaintiff herein to avail himself of the defendant's admission in his answer that he was indebted to plaintiff in the sum of $238.50, without introducing said answer in evidence, then we think there can be no

question of such right under said statute. That statute directs how the parties to a suit shall plead, and declares that any fact pleaded by the plaintiff which is not denied by the defendant in his answer, "or which he, does not deny that he has any knowledge or information thereof sufficient to form a belief, shall be taken as confessed." Likewise, this statute declares that if any special matter of defense shall be pleaded by the defendant, the plaintiff shall answer each paragraph, either admitting or denying the same, or denying that he has any knowledge or information thereof sufficient to form a belief; and that any fact so pleaded by the defendant that is not denied by the plaintiff shall be taken as confessed. The admission made in the defendant's answer herein to the effect that he owed the plaintiff $238.50, and no more, was not denied by the plaintiff, and at the conclusion of the trial stood as confessed or an uncontroverted fact, and we think judgment should have been rendered in his favor for said amount.

[2] We are asked by the defendant that in the event the judgment of the county court is reversed, that judgment be not rendered for plaintiff, but the case be remanded for a new trial. In the attitude of the record this request cannot be granted. The plaintiff's right to recover $238.50 was admitted by the defendant, and under the statute it becomes our duty to render in this court the judgment that should have been rendered in the lower court; it is therefore ordered that the judgment of the county court be reversed, and that judgment be here rendered for the plaintiff against the defendant for the sum of $238.50, and all costs.

Reversed and rendered.

---

⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error pending in Supreme Court.