## W. R. PICKERING LUMBER CO. v. CHILDRESS. (No. 382.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 2, 1918.)

1. DAMAGES ☜112 — DAMAGE TO GRASS—MEASURE OF DAMAGES—EVIDENCE.

Where damage claimed was loss of actual value of grass destroyed, and there was no evidence of market value of grass at time of destruction, there was no error in admitting evidence of actual value of grass to plaintiff for pasturage at time of fire.

2. TRIAL ☜228(1)—INSTRUCTIONS—WRITTEN INTERLINEATION.

A typewritten instruction on measure of damages for injury to crops having a written interlineation as to issue of actual value held not thereby to give undue prominence to that issue.

3. EVIDENCE ☜113(2)—VALUE OF GRASS.

In action for damages from fire from defendant's locomotive, evidence of price paid for pasturage during one season was no criterion by which to arrive at market value of grass for pasturage at time of fire during following year, where there was no showing that pasture at time of fire contained grass of like kind and quality, or of same value.

Appeal from Shelby County Court; T. H. Postell, Judge.

Action by Ed Childress against the W. R. Pickering Lumber Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Davis & Davis, of Center, for appellant.

J. P. Anderson, of Center, and Y. D. Carroll, of Beaumont, for appellee.

HIGHTOWER, J. This action was commenced by the appellee, Ed Childress, against the appellant, Pickering Lumber Company, in one of the justice courts of Shelby county on a claim for damages amounting in the aggregate to $153. The nature of the claim and items thereof are shown by the following statement filed with the justice, to wit:

"The W. R. Pickering Lumber Co. in Account with Ed Childress.

| | |
|---|---:|
| (a) Damage to grass occasioned by fire from defendant's engine, about 9—1—1916, being 15 acres of grass at $3 per acre ........................... | $ 45.00 |
| (b) Burning one broadax in the same fire | 3.00 |
| (c) Damage to grass occasioned by fire from defendant's engine about 10—2—1916, being 20 acres of grass at $3 per acre ............................... | 60.00 |
| (d) Damage to potato crop by stock getting into the same where fence was burned by fire last described........ | 20.00 |
| (e) Damage to cane by stock getting into the same where fence was burned by fire last described................. | 25.00 |
| | $153.00 |

"The land above described being the property of said Childress, situated in Shelby county,

Texas, about two miles from Joaquin, and being so situated that defendant's train runs across it.

"The two fires above complained of were occasioned by the negligence of the W. R. Pickering Lumber Company in the operation of its engines, and said Ed Childress prays for judgment against the W. R. Pickering Lumber Company in the sum of $153 and all costs of suit and general and special relief."

Appellant answered by general and certain special exceptions, the mention of which here becomes unnecessary, and also by general denial. Upon trial in the justice court, appellee had judgment for the sum of $97, and appellant appealed to the county court, where, upon trial with a jury, appellee recovered judgment for the sum of $140, and appellant has brought the case here upon three assignments of error.

By the first assignment, complaint is made that the trial court erred in admitting the testimony of several witnesses tendered by appellee, showing the actual value to appellee, instead of the market value of his grass at the time of its destruction by fire. Appellant's proposition under the assignment is, in substance, that appellee's measure of damages for the grass was its market value at the time of destruction, and that evidence showing actual value should not have been admitted in the absence of proof that there was no market value, and appellant contends that there was not only an absence of such proof, but that, on the contrary, market value for the grass was shown.

[1] Appellant is correct in its contention that in actions of this character the market value of the crop destroyed at the time of destruction is the legal measure of damages to be recovered by the plaintiff where there is a market value, and usually that value is alleged and claimed by the plaintiff; but, as we construe the claim of the appellee in this case, it is one for the actual value of the grass destroyed, and no market value is mentioned or claimed. And since as we think the evidence did not show the market value for appellee's grass at the time of its destruction, there was no error in admitting the evidence showing its actual value to appellee for pasturage, which was the use to which he was putting it. We might here remark that no exception was leveled by appellant at the measure of damages claimed by appellee, and, in the absence of such exception to the measure claimed, we think the court was not in error in admitting the evidence complained of, and the assignment should be overruled. Ry. Co. v. Brune, 181 S. W. 550; Ry. Co. v. Chittim, 31 Tex. Civ. App. 40, 71 S. W. 297.

[2] The second assignment relates to the court's charge, which, in effect, told the jury that, in the event appellant was found guilty of negligence, then appellee's measure of damages would be the market value of his potatoes, cane, and grass, at the date of destruction, if there was a market value for same, but, if not, then the actual value would be his measure. "Market value" was defined; but there was no definition of "actual value," nor was such definition requested. But appellant's contention in this connection is that there was an interlineation in the charge, which was typewritten, made with pen and ink, relating to the issue of actual value of the grass, and that such interlineation was calculated to make too prominent that issue, and that appellant was prejudiced thereby. We have carefully considered this contention and think that it is not tenable, and should be overruled.

[3] The remaining assignment complains, in effect, that the verdict in appellee's favor for $105, being the value of the grass destroyed, as found by the jury, was excessive, in that the evidence showed a market value for the grass destroyed, and that such value was not in excess of $39. As disclosed by the record here, it was shown by several witnesses that during the season of 1915, several pastures were rented in Shelby county for grazing stock, and some of them in the same vicinity with appellee's pasture and farm, and that the price paid for such pasturage during that season was from 1 cent to 3 cents per head of stock per day. There was no showing, however, that these rented pastures in the year 1915 contained grass of like kind and quality or of the same value as that contained in appellee's pasture in the fall of 1916. Therefore we think such proof was no criterion by which to arrive at the market value, if any, of appellee's grass for pasturage at the time of its destruction in 1916. Ry. Co. v. Hapgood, 201 S. W. 1040, and authorities there cited. On the issue of actual value of the grass to appellee for pasturage, the evidence was clearly sufficient, if given credence by the jury, to warrant their verdict in appellee's favor on that issue.

This disposes of all assignments, and believing, as we do, that we would not be justified in reversing the judgment of the trial court, the same will be affirmed, and it is so ordered.