PETERSON v. GRAHAM–BROWN SHOE CO. (No. 6151.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 29, 1919. On Motion for Rehearing, March 19, 1919. Further Rehearing Denied, April 9, 1919.)

1. SALES ⟲23(3)—ORDER—ACCEPTANCE.

Where buyer's order for shoes given to seller's salesman was received by the seller, the seller was bound thereby, where no notice was given the buyer that the order would not be filled.

2. SALES ⟲23(3) — ORDER — ACCEPTANCE —REPUDIATION.

For a seller to effectively repudiate a buyer's order for goods given to the seller's salesman and received by the seller, the seller must repudiate the order in a reasonable time.

On Motion for Rehearing.

3. PLEADING ⟲376 — BURDEN OF PROOF —ADMISSIONS—GENERAL DENIAL.

Where defendant pleaded a general denial, any admissions thereafter pleaded in the answer would not lift the burden from plaintiff of proving his case against the general denial.

4. APPEAL AND ERROR ⟲215(1) — OBJECTIONS BELOW—INSTRUCTIONS.

On appeal, objections to a charge not embodying fundamental error cannot be considered, where error in the charge was not called to the notice of the court below by any objection.

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action by C. T. Peterson against the Graham-Brown Shoe Company. From a judgment for defendant, plaintiff appeals. Affirmed.

McCollum Burnett, of San Antonio, for appellant.

H. A. Hirshberg and W. H. Kennon, both of San Antonio, for appellee.

FLY, C. J. Appellant sued to recover of appellee damages in the sum of $384 arising from a failure and refusal to deliver certain shoes which it had contracted to deliver in January, 1917. The cause was submitted on special issues, and on the answer to the first question, the others being unanswered, judgment was rendered against appellant.

The first issue submitted was:

"Did plaintiff and defendant enter into a contract whereby defendant contracted to sell to plaintiff a certain lot of shoes and bound itself to deliver the same to plaintiff at San Antonio, Tex., during the month of January, 1917, freight prepaid, as alleged in plaintiff's petition?"

The answer was "No," and consequently there was no necessity for answering any other issues, as the jury were informed by the court. The only testimony introduced was that of appellant, who testified that on September 7, 1916, he entered into a contract with appellee, evidenced by the following written order:

**Date received, Billed, Register No.**

**GRAHAM-BROWN SHOE CO., Shoe Manufacturers and Jobbers, Dallas, Texas.**

Order No. ___. Date sold, Sept. 7/16. Salesman, Rhodes.
May 1. Less 5%. Sold to C. T. Peterson, P. O. and State: San Antonio, Tex. Shipping directions: Delivered.

Salesmen not to use these columns.

| | | Pairs | Last | Time: Jan. | Tip | Price | |
|---|---|---|---|---|---|---|---|
| Men's Bayside Ox | 4 | 48 | 6/11 | | | 58 | 27.84 |
| " " " | 6 | 72 | 6/9 | 696 | | 58 | 41.76 |
| Bulls | 4 | 48 | 6/11 | 816 | | 68 | 32.64 |
| " | 6 | 72 | 6/9 | 816 | | 68 | 48.96 |
| Ox | 40 | 480 | 2/6 | 636 | | 53 | 254.40 |
| Boy's Bulls | 20 | 240 | 11/2 | 600 | | 60 | 144.00 |
| " | 40 | 480 | 2/6 | | | 53 | 254.40 |
| Youth's " | 8 | 96 | 11/2 | | | 50 | 48.00 |
| Men's Casco Ox | 8 | 96 | 6/10 | 636 | | 88 | 42.24—84.48 |
| Boy's " | 4 | 48 | 2/6 | | | 80 | 38.40 |
| Men's Casco Bulls | 4 | 48 | 6/10 | 600 | | 98 | 47.04 |
| Ladies' Bayside Ox | 4 | 48 | 278 | 1056 | | 58 | 27.84 |
| Misses' " | 4 | 48 | 11/2 | 960 | | 53 | 25.44 |
| Child's | 4 | 48 | 8/11 | 1176 | | 48 | 23.04 |
| | | | | | | | 1098.24 |

The contract was made by appellant with one Rhodes, a salesman for appellee. It was admitted in the answer of appellee that the order was received by appellee, and it

sought to evade the force of the contract by alleging a custom as to how such contracts were treated. The answer alleged:

"That under the order involved in this suit plaintiff had the right to withhold payment on same until the 1st day of August, 1917, with the option to pay for the same on or before the 1st day of May, 1917, and receive a 5 per cent. discount. That said order was received in good faith by this defendant, having in mind the usual course of dealing between the parties, and pending the delivery of such order should live up to his previous obligations and pay for the other goods ordered and delivered as such payments became due."

There was an admission of the order being given and accepted, and yet the jury found that there was no contract, and the trial court rendered judgment based on that finding.

There was a virtual admission that the contract was made as alleged by appellant, and the uncontroverted evidence proved it, and the court should not have submitted the question of the existence of the contract to the jury.

[1, 2] No notice was given appellant that the order would not be filled. To have repudiated the order of its agent, the repudiation should have been made in a reasonable time by appellee.

The judgment is reversed, and the cause remanded.

On Motion for Rehearing.

[3, 4] This court proceeded in its former opinion on the mistaken hypothesis that the charge had been objected to in the lower court, or, if it had not been objected to, that the error was fundamental in presenting the issue as to the existence of the contract to the jury when such existence had been admitted in the answer. Neither of these hypotheses is sustained by the record. Appellee pleaded a general denial, and any admissions thereafter pleaded in the answer would not lift the burden from appellant of proving his case, which had been generally denied. Bauman v. Chambers, 91 Tex. 108, 41 S. W. 471; Railway v. De Walt, 96 Tex. 121, 70 S. W. 531, 97 Am. St. Rep. 877; Ins. Co. v. Sadau, 159 S. W. 137; Gordon v. Ratliff, 169 S. W. 372. It follows that the error was not fundamental, and, not being called to the notice of the court by any objection to it, it cannot be considered. There is no merit in the other matters presented in the brief. It appears therefore that our former decision was erroneous, and it is set aside, and the judgment is affirmed.