### JACKES–EVANS MFG. CO. v. GOSS.
### (No. 2697.)

(Court of Civil Appeals of Texas. Texarkana. June 21, 1923. Rehearing Denied June 28, 1923.)

1. **Bills and notes** ⊕⇒370—Failure of consideration held no defense if holder was holder in due course.

Failure of consideration is not a defense if holder of check was holder in due course,

with no notice of infirmity, within Vernon's Ann. Civ. St. Supp. 1922, arts. 6001—1, 6001—52, and 6001—57.

2. **Bills and notes** ⊕⇒497(2)—Presumed holder of check is holder in due course.

Under Vernon's Ann. Civ. St. Supp. 1922, art. 6001—59, it is presumed that a holder of a negotiable instrument is a holder in due course, and the burden of proving the contrary is on defendant.

3. **Bills and notes** ⊕⇒525—Evidence held not to support finding holder of check was not holder in due course.

Finding that plaintiff was not a holder of a check in due course, within Vernon's Ann. Civ. St. Supp. 1922, arts. 6001—1, 6001—52, 6001—57, *held* not supported·by evidence.

4. **Trial** ⊕⇒25(8)—Permitting defendant to open and conclude argument held error where his answer was general denial.

Where defendant's answer in a suit on a check contained a general denial of plaintiff's allegations, it was error to permit defendant to open and conclude the argument on the theory that the burden of proof on the whole case was on him, within Vernon's Ann. Civ. St. 1914, art. 1953, where the effect of the denial was to require plaintiff to produce the check and introduce it as evidence or show an excuse for not doing so.

5. **Evidence** ⊕⇒314(1), 471(3)—Admission of evidence held not erroneous as being hearsay or conclusion of witness.

In an action on a check, admission of testimony as to which bank the check was first sent and how and when it was sent to and· returned by that bank, with information it did not have sufficient funds, *held* not error as being hearsay or conclusion of witness, where it did not appear the witness did not acquire from others the facts he assumed to know.

Appeal from District Court, Fannin County; Ben H. Denton, Judge.

Action by the Jackes-Evans Manufacturing Company against J. R. Goss. Judgment for defendant, and plaintiff appeals. Reversed and remanded for new trial.

The suit was by appellant against appellee on a check as follows:

"Honey Grove, Texas, Feb. 10, 1921.

"The State National Bank.

"Pay to H. S. Bettes or order $10,347.54, ten thousand, three hundred forty-seven and 54/100 dollars. .

"[Signed] J. R. Goss."

On the face of the·check were indorsements as follows:

"Interest on land notes to Jan. 1st, 1921, and on interest to 2/10/21. H. S. Bettes. Broadway Savings Trust Co., St. Louis, Mo., No. R–12126."

And on the back thereof were indorsements as follows:

"Pay to Jackes–Evans Mfg. Co. or order.  H. S. Bettes."

"Pay any bank or banker or order.  Broadway Savings Trust Co., St. Louis, Mo."

In its petition appellant alleged that it was the indorsee of said H. S. Bettes, and as such the owner and holder of the check.  The answer of appellee consisted of: (1) A general denial; (2) a plea that the check was without a consideration; (3) a plea that the consideration therefor had failed; and (4) a plea charging that the transfer from Bettes to appellant was simulated and made for the purpose of defrauding appellee.

It appeared from the testimony at the trial that while the check was dated February 10, 1921, it was, in fact, drawn by appellee and delivered to Bettes on December 31, 1920.

Special issues were submitted to the jury; and, they having found that the consideration for the check had failed, and that appellant did not "get the check" until after the day it was dated, judgment was rendered that appellant take nothing by its suit.

N. H. Rather, of Honey Grove, and Wheeler & Leslie, of Bonham, for appellant.

Cunningham, McMahon & Lipscomb, of Bonham, for appellee.

WILLSON, C. J. (after stating the facts as above).  The jury found, and the finding is not in any way attacked by appellant, that the consideration for the check "failed in the way set out in defendant's (appellee's) amended original answer."

[1] But the fact that the consideration had so failed was not a defense against the recovery sought by appellant if it was a holder of the check "in due course"; that is, if it took same "before it was overdue, in good faith and for value, and had no notice of any infirmity in the instrument.  Arts. 6001—1, 6001—52, and 6001—57, Vernon's Statutes 1922 Supp.; 8 C. J. 748.  Therefore the controlling question on the merits of the case was as to whether appellant was such a holder or not.  The jury found that it was not; that is, they found that appellant "did not get" the check until "after February 10, 1921," the day it was payable.  The finding is attacked on the ground that it was not supported by, but was contrary to, the evidence.

[2] The presumption was that appellant was a "holder in due course," (article 6001—59, Vernon's Statutes 1922 Supp.), and the burden of proving the contrary was on appellee.  8 C. J. 980, 987.  If the burden was discharged it was by the testimony of appellee as a witness that he saw the check in the possession of Bettes, the payee thereof, in Paris, on February 10, 1921, the day it was payable.

[3] That the instrument appellee saw in Bettes' possession was not the check sued upon was so strongly indicated by other testimony in the case that we feel bound to hold that appellee did not discharge the burden resting upon him, and therefore that the finding in question was not warranted.

Bettes testified that the H. S. Bettes Hardware Company, in business at Paris, Tex., with which he was connected, was indebted to appellant in the sum of $8,592.36 on account of goods purchased by said hardware company of appellant, and that on January 6, 1921, he indorsed and then delivered the check sued upon to appellant in payment of said indebtedness, and received of appellant $1,755.18, the difference between the amount of said indebtedness and the amount of the check.  He further testified that in a conversation he had with appellee on February 9, 1921, the day before the check was payable, in reply to a request by appellee for further time in which to pay the check he told him that he (Bettes) had indorsed it to appellant and was satisfied it had been sent to the bank at Honey Grove for collection.  The witness Goodwin, appellant's secretary and treasurer, testified as Bettes did about the indebtedness of the hardware company to appellant and the payment of same, but stated that the difference of $1,755.18 between the amount of that indebtedness and the check sued upon was paid by appellant by its check drawn January 6, 1920, on the Broadway Savings Trust Company of St. Louis in favor of the hardware company.  The check the witness described as having been so drawn was admitted as evidence.  It purported to have been indorsed by the hardware company.  The witness further testified that appellant retained possession of the check sued upon after it was delivered to it January 6, 1921, until it deposited same with said trust company for collection, and that the trust company sent it from St. Louis February 10, 1921, the day it was payable.  The check sued upon purported to have been indorsed by Bettes to the order of appellant, and by said trust company to "any bank or banker or order."  It appeared from a notary's "certificate of protest," admitted as evidence, that the check sued upon was presented for payment to the bank in Honey Grove on which it was drawn February 14, 1921; that payment was refused; and that thereupon the check was protested for nonpayment, notice of which was given by the notary to both appellant and said trust company.

Of course, if there was no testimony except that of Bettes and Goodwin showing that appellee was mistaken as to the identity of the instrument he saw in Bettes' possession on February 10, 1921, appellant's contention that the finding of the jury in question was not warranted should not be sustained, for the jury in that event would have had a right to determine the conflict in appellee's favor.  But it will be noted that the testimony of Bettes and Goodwin was strongly corroborat-

ed by the $1,755.18 check and the indorsements on the check sued upon.

There was no testimony tending in the least to show that the hardware company was not indebted to appellant as claimed. If the hardware company was so indebted, the reasonable inference from the check drawn by appellant in favor of the hardware company was that it was to pay the difference between the amount of that indebtedness and the amount of the check sued upon, for it was in the exact amount of that difference. The only other inference as to the $1,755.18 check was that it was not, in fact, drawn at the time it purported to have been, but was made at some later time for use as testimony in this case. And so as to the indorsement purporting to have been made by the trust company on the check sued upon. If the check had not been transferred by Bettes to appellant, nor indorsed by the trust company, but was owned by Bettes and in his possession on February 10, 1921, the indorsement of the trust company the notary found on it February 14, 1921, could not have been genuine, unless the improbable happened, to wit, that the check was sent by Bettes, in Paris, Tex., to the trust company in St. Louis, Mo., on February 10, and afterwards sent by the trust company in St. Louis to Honey Grove, Tex., in time to reach the notary on February 14.

[4] On the theory that "the burden of proof on the whole case" was on him, within the meaning of article 1953, Vernon's Ann. Civ. St. 1914, appellee, on his motion for leave to do so made after the testimony had been heard, was permitted to open and conclude the argument. The action of the court in this respect is assigned as error, and we think the assignment should be sustained. The answer of appellee contained a general denial of the allegations in appellant's petition. The effect of such denial was to require appellant to produce the check and introduce it as evidence, or show an excuse for not doing so. Had appellant failed to comply with the requirement, the judgment necessarily would have been in appellee's favor had he (appellee) offered no proof whatever. Bauman v. Chambers, 91 Tex. 108, 41 S. W. 471; Ins. Co. v. Sadau (Tex. Civ. App.) 159 S. W. 137; Carter Music Co. v. Bailey (Tex. Civ. App.) 179 S. W. 547; 8 C. J. 1044 and 1058.

[5] The witness Goodwin testified by deposition. One of the interrogatories propounded to him was as follows:

"Was the check presented for payment, and, if so, when and how often?"

A part of the answer of the witness as follows was admitted as evidence:

"It was presented for payment. We deposited the check in the Broadway Savings Trust Company of St. Louis, Missouri, for collection. The check was first sent from St. Louis on February 10, 1921."

And a part thereof, as follows, was excluded, on the ground that it was hearsay and a conclusion of the witness:

"That institution forwarded the same to State National Bank of Honey Grove, Tex., on February 10, 1921. The check was returned by the State National Bank to the Broadway Savings Trust Company with the information that Gross did not have sufficient funds."

We do not think the part of the answer excluded was subject to the objection urged to it. The witness could have had knowledge himself of the facts he assumed to know, and it did not appear that he did not have such knowledge, but had acquired the information he had of other persons. 22 C. J. 215.

For the errors indicated by what has been said, the judgment will be reversed and the cause will be remanded to the court below for a new trial.