Such is the effect of our holding in the original opinion in the present case. See, also, Fox v. State, 119 Tex.Cr.R. 552, 43 S.W.(2d) 951; Johnson v. State, 128 Tex. Cr.R. 12, 78 S.W.(2d) 965; Myres v. State, 129 Tex.Cr.R. 468, 88 S.W.(2d) 109, all of which followed the Wiley Case, supra.

Again, considering the entire record, we conclude that appellant's motion for rehearing should be overruled, and it is so ordered.

## MONARCH FIRE INS. CO. v. REDMON.
### No. 12257.

Court of Civil Appeals of Texas. Dallas.

Sept. 25, 1937.

William H. Neary, of Dallas, for appellant.

W. J. Durham, of Sherman, for appellee.

BOND, Justice.

Florence Redmon filed this suit in a district court of Grayson county to recover of defendant, the Monarch Fire Insurance Company, for the loss by fire of a certain house and personal property, alleged to be owned by plaintiff and covered by defendant's policy issued to her, for and in her name, in the sum of $1,250 on the house and $500 on the personal property. There was a jury trial, resulting in a verdict and judgment for plaintiff and against defendant for the sum of $1,250, the coverage on the house, and denying to her the $500 coverage on the personal property. Defendant appeals and presents a number of assignments, and plaintiff urges cross-assignment

on the action of the trial court in refusing to allow her judgment for the $500 coverage on the personal property.

The policy of insurance on which the suit was based was not attached to plaintiff's petition and was never introduced in evidence, nor was there any other proof to show its contents. The record shows that a policy was issued by defendant to cover all loss for damage to the house and household effects, in the sum stated. From a careful examination of the statement of facts, we find no disclosure that the policy was effective at the date of the fire.

█ It is elementary that, in any suit upon a written contract, such as a fire insurance policy, the burden of proof rests upon the plaintiff to establish, not only that the defendant was the insurance carrier, the amount of coverage, and that plaintiff has an insurable interest in the property covered, but that the loss complained of occurred while the alleged contract was in force. The plaintiff has, we think, established the elements of recovery, except that the fire occurred while the policy sued on was in force; there is no proof in the record to sustain that allegation, which is essential for plaintiff to recover.

█ Defendant interposed a general denial and special plea invoking certain provisions of the policy in defense of plaintiff's suit, which effectively places upon plaintiff the burden of proving his suit. Bauman v. Chambers, 91 Tex. 108, 41 S.W. 471. In the absence of the policy, or some showing in the record that the policy was effective at the time of the fire, the judgment cannot stand.

█ Furthermore, the plaintiff raised in pleadings and proof ultimate issues of fact, to the effect that, after the fire, she executed to the defendant a release from all liability on the policy of insurance, which release was the result of fear and threats made by the defendant and its agent and representative, Mr. Hodde. These facts were controverted by the defendant, hence, in submitting the issues to the jury, the trial court presented the following questions for its determination:

"Special Issue No. 2: Do you find from the preponderance of the evidence that just prior to the time that plaintiff signed the release in question, that Wm. H. Hodde, acting for and in behalf of the defendant company as its agent represented and stated to plaintiff that he had some papers for her to sign, and that if she would sign them he would pay her her money back; and that if she did not sign them he was going to have her and her daughter put in jail, because they had burned the house?

"Special Issue No. 3: Do you find from a preponderance of the evidence that the plaintiff signed the release in question wholly through fear of being prosecuted and put in jail for burning the building in question, solely by reason of the said representation and statements made by said Wm. H. Hodde?"

We think the questions submitted assume as a fact the truth of the ultimate controverted issue, (1) that Wm. H. Hodde made the threat of putting plaintiff and her daughter in jail, because they had burned the house, and (2) that because of such threat, made by Hodde, plaintiff signed the release in question.

Assuming for the sake of another trial of this case, that the facts on the part of plaintiff will show that the plaintiff's free agency and will power were destroyed, by putting her in fear as the result of the threats alleged, as a basis for setting aside the alleged release, then it would seem that such issues should be submitted in the light of defendant's pleadings and proof, denying that any such duress occurred. We think the two issues submitted invade the province of the jury. The jury should be called upon to determine whether or not any such threats were in fact made and, if made, did they have the effect of arousing fear in the plaintiff; and whether or not the release in question was induced solely and entirely because of such threats and fear.

█ Plaintiff's cross-assignment of error complains of the action of the court in refusing her judgment for the $500 coverage on the household goods totally destroyed by fire, and which the evidence shows was worth to the insured $700 or $800. There is nothing in the record showing a diminution of the sum payable under the policy. A contract of insurance is one of indemnity for the loss or damage occasioned by fire to the insured. In International & G. N. Rwy. Co. v. Nicholson, 61 Tex. 550, speaking for the Supreme Court, Mr. Chief Justice Willie said: "As compensation for the actual loss is the fundamental principal upon which this measure of damages rests, it would seem

that the value of such goods to their owner would furnish the proper rule upon which he should recover." In Houston & T. C. Ry. Co. v. Lewis (Tex.Civ.App.) 185 S.W. 593, 594, the court said: "The fundamental and controlling principal is that the injured party shall have actual pecuniary compensation for the injury received, so that he may be placed as near as may be in the condition which he would have occupied but for the injury sought to be redressed." The cross-assignment is sustained.

We have carefully considered all other assignments, they are without merit and are overruled, and, for reasons above stated, judgment of the court below is reversed, and the cause remanded for another trial.

Reversed and remanded.